# UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

vs.

GAETON DELLA PENNA

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 8:14-cr-203-T-17TBM
USM NUMBER: 60780-018

Defendant's Attorney: Christophir Kerr, CJA

THE DEFENDANT:

__X__ pleaded guilty to count(s) three and twelve of the Indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | March 5, 2012 | Three |
| 18 U.S.C. § 1341 | Mail Fraud | October 17, 2012 | Twelve |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__X__ Count(s) one, two, four through eleven and thirteen through eighteen of the Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: September 11, 2015

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

DATE: September ___, 2015

Defendant:   GAETON DELLA PENNA                           Judgment - Page  2  of  6
Case No.:    8:14-cr-203-T-17TBM

## IMPRISONMENT

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of **SEVENTY (70) MONTHS** as to each of counts three and twelve of the Indictment to run **CONCURRENTLY** with credit for time served to be calculated by the United States Bureau of Prisons.

_X_   The Court makes the following recommendations to the United States Bureau of Prisons:
(1)   Incarceration at Otisville, NY, Fairton, NJ or Fort Dix, NJ.
(2)   Psychiatric and other appropriate counseling. See Pre-Sentence Report
      for attached <u>victim</u> letters.
(3)   Immediate medical exam for current medical treatment, both mental
      and physical. See hospital and other medical records.
(4)   Provide 500-hour substance abuse counseling including alcohol abuse.
(5)   Vocational evaluation for appropriate therapy.
(6)   Counseling for initial prison confinement and adjustment.


_X_   The defendant is remanded to the custody of the United States Marshal.


## RETURN

I have executed this judgment as follows:

_____
_____
_____

      Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

                                      _____
                                      United States Marshal

                                By:_____
                                      Deputy United States Marshal

Defendant:   GAETON DELLA PENNA                                   Judgment - Page 3 of 6
Case No.:    8:14-cr-203-T-17TBM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THIRTY-SIX (36) MONTHS** as to each of counts three and twelve to run **CONCURRENTLY**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

__X__   The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

__ __   The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

__ __   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

__X__   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

__ __   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer. (Check, if applicable.)

__ __   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report in the manner and frequency directed by the Court or probation officer.

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: GAETON DELLA PENNA  Judgment - Page 4 of 6
Case No.: 8:14-cr-203-T-17TBM

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X  The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon the completion of this program, the defendant is directed to submit to random drug testing.

X  The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

X  The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating himself for any major purchases without approval of the probation officer.

X  The defendant shall provide the probation officer access to any requested financial information.

Defendant:   GAETON DELLA PENNA                                                   Judgment - Page 5 of 6
Case No.:    8:14-cr-203-T-17TBM

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $200 | $Waived | $2,845,580.72 |

\_   The determination of restitution is deferred until \_\_.An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X    The defendant must make restitution (including community restitution) to the following payees in the amount listed below. **This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victims. The United States Probation Office is directed to provide a complete list of victim names, addresses and restitution amount(s) to the Financial Litigation Unit.**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Restitution Ordered** |
|---|---|
| Michael S. | $ 292,101.00* |
| Ronald H. and Kristi H. | 581,042.00 |
| Conrad P. | 209,761.77 |
| Douglas D. and Nancy D. | 105,500.00 |
| Phillip M. | 15,000.00 |
| Sue Ellen P. | 642,045.77 |
| Louis P. | 229,117.54 |
| Arthur H. | 254,661.58 |
| Kenan C. and Dale C. | 97,004.65 |
| Mehmet C. | 340,514.53 |
| Linda C. | 49,269.93 |
| Bradley S. and Agata D. | 29,561.95 |

*In April 2012, victim Michael S. was ordered to pay restitution and a forfeiture judgment in United States v. Sloan, Case #8:11-cr-605-T-27TGW.

|  | Totals: | $2,845,580.72 |
|---|---|---|

\_   Restitution amount ordered pursuant to plea agreement   $ _____.

\_   The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

\_   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   \_   the interest requirement is waived for the \_\_\_ fine \_\_\_ restitution.

   \_   the interest requirement for the \_\_\_ fine \_\_\_ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant:  GAETON DELLA PENNA                    Judgment - Page  6  of  6
Case No.:   8:14-cr-203-T-17TBM

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.  __X__   Lump sum payment of $ __200__ for special assessment due immediately.

         ___ not later than _____, or

         ___ in accordance  __ C, __ D, __ E or __ F below; or

B.  __X__   **RESTITUTION PAYMENTS**:
         While in Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant shall pay restitution at the rate of $100 per month. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.

C.  ___   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.  ___   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.  ___   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.  ___   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___   Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:


___   The defendant shall pay the cost of prosecution.

___   The defendant shall pay the following court cost(s):

__X__  The Court Orders that the defendant forfeit to the United States immediately and voluntarily any and all assets previously identified in the Indictment, that are subject to forfeiture. See Forfeiture Money Judgment which is incorporated by reference herein.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                            Case No. 8:14-cr-203-T-17TBM

GAETON DELLA PENNA

### FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court upon the United States of America's motion for a forfeiture money judgment against the defendant in the amount of $2,657,341.30.

Being fully advised of the relevant facts, the Court hereby finds that at least $2,657,341.30 in proceeds was obtained by the defendant from the wire and mail fraud schemes to which he pled guilty.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the defendant shall be held liable for a forfeiture money judgment in the amount of $2,657,341.30. The net proceeds from the assets which were administratively forfeited by the USSS shall be credited toward the defendant's forfeiture money judgment.

CASE NO. 8:14-CR-203-T-17TBM

It is FURTHER ORDERED that, upon entry, this order shall become a final order of forfeiture as to the defendant.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and for any substitute assets that the United States may be entitled to seek up to the amount of the forfeiture money judgment.

DONE and ORDERED in Tampa, Florida, this \_\_\_3RD\_\_\_ day of \_\_\_AUGUST\_\_\_, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Holly L. Gershow, AUSA
Counsel of Record

2